Tlie opinion of the Court was delivered by
Todd, J.
This is an action for damages, brought by the parents of a child, killed by being run over by one of the street cars of the defendant company. It is charged, that the death of the child was the result “ of the fault, carelessness and gross negligence of the driver of the ear ; that the damages caused by, or growing out of, the injuries and sufferings of the child, amount to ten thousand dollars,” and the right of action therefor, by the death of the child, was transmitted to its parents, the plaintiffs.
The answer was a general denial. The case was tried before a jury, who returned a verdict against the defendant for $2,000, and from the judgment thereon this appeal is taken.
The plaintiffs, to be entitled to recover in such an action, must first establish that the death of. the -child- resulted from, or was caused by some fault or negligence on the part of the defendant or its employee. Unless this is proved no further inquiry need he made.
The facts connected with, or hearing upon the question at issue, are substantially as follows: •
*162 Tlie house occupied by tlie plaintiffs and their family, was situated on the street on which the cars of the defendant company ran. On the 21st of September, 1877, the child killed, aged about 22 months, and its little sister, aged about four years, were left by their mother on the door stops, fronting the street, whilst she, the mother, was preparing the evening meal. The front door of the house whore the mother was employed, communicating with the kitchen, was shut. As the car in question was passing near, or in front of the house where the children were sitting, some boys ran up and jumped upon the steps in the rear and swung to the car. Thereupon, the driver stopped his mule, fastened the brake, and proceeded to drive the boys from the car. Whilst thus engaged, the youngest child mentioned-left its place on the steps, went to the corner of the street, about 30 feet distant, and from there into the street, and placed itself under the neck of the mule and against the animal’s foreleg. The driver returned to the platform, and without seeing the child, released the brake and started the mule; the child was thrown under the wheels of the car, which passed over its body, killing it instantly.
The evidence sho-ws, from the position of the child, the driver looking in the usual direction, straight forward, could not see it; and, as stated by one of the witnesses, he could only have seen it by stooping over. It must be observed that, under a city ordinance, the driver was required to prevent children from swinging or hanging to the steps of the car; and in stopping the car; leaving the platform, and driving away the boys mentioned, he was but discharging a duty imposed on him. Had he kept the car moving whilst thus engaged, and any one been injured, he could justly be charged with carelessness. He seems, however, to have discharged this duty with proper care, in stopping the car, fastening the break, driving away the boys, returning to the platform, and starting his mule. Nor do we attach any significance to the fact dwmlt on by plaintiff’s counsel, that the animal was stopped at or near the street crossing. This of itself did not cause the accident or have any direct bearing thereon. Had the car been in motion and ran over a person passing along the crossing, without due care being exercised by the' driver, there would have been culpable negligence; but the mere stopping- the mule there, and the animal remaining motionless then, did not of itself impart danger to any one, or was calculated to inflict injury; and the child injured was not at the time engaged in crossing the street, and was not using the crossing for that purpose, but was evidently actuated by a childish wish to go to the mule, and would doubtless have done so, whether the animal was at the crossing or not, provided that it was within reach.
In all this we can discover no fault or negligence on the part of the *163 driver. He had no reason to suspect that any thing had transpired during ids brief absence from the platform to call for any extraordinary vigilance on his part. However long his experience might have been as a driver of a street car, there was nothing in the whole of that experience to suggest to him the faintest suspicion that starting his mule again, would hurt any one, or that a child was actually at that moment under his mule. A driver can only be justly charged with negligence, when he fails to observe something that he ought to see, and would see with ordinary vigilance; when he fails to be prepared for something visible, or at least of probable occurrence, or that might reasonably be expected to happen. For instance, if he had run over children playing in the street without making every possible effort to avoid it, or if he drove rapidly over aplace where children were usually at play, without looking to see whether they were there or not, and one or more of them should have been hurt, then the charge of carelessness could be justly charged.
This view of the subject is not only reasonable but is supported by legal authority. 47 Ill. 267 ; 69 Ill. 472; 88 Penn. 520; 11 Wright, 300.
There being no fault or negligence imputable to the Company or its employees, there was no liability incurred on account of the unfortunate accident, deplorable and distressing as it was.
This view of the case dispenses us from considering two other legal propositions, earnestly and ingeniously discussed by counsel; one relating to contributory negligence and the other to involving the interesting question, whether any right of action could exist and be transmitted, where the death was instantaneous.
For the reasons stated, we thiuk the judgment appealed from was erroneous.
It is therefore ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and that there be judgment rejecting plaintiff’s demand with costs of both courts.
Mr. Justice Fenner recuses himself, having been of counsel.
Mr. Justice Levy dissents.